[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Michael Thornton appeals his conviction for one count of aggravated robbery and three counts of robbery in violation of R.C. 2911.01 and 2911.02. Thornton had entered pleas of guilty to these offenses in exchange for reduced sentences. The trial court imposed an agreed sentence of ten years' incarceration.
{¶ 3} Pursuant to Anders v. California,[1] Thornton's appointed appellate counsel has advised this court that, after a thorough review of the record, she can find nothing that would arguably support Thornton's appeal.[2] Appellate counsel has communicated her conclusion to Thornton and has moved this court for permission to withdraw as counsel.[3]
{¶ 4} Counsel requests that this court independently examine the record to determine whether the appeal is wholly frivolous.[4] Based on our review of the record, we hold that it is devoid of prejudicial error. The record reflects that the trial court ensured that Thornton's pleas were made knowingly and voluntarily pursuant to Crim.R. 11(C), and the agreed sentence is not subject to review pursuant to R.C. 2953.08(D). Because there are no grounds to support a meritorious appeal, the judgment of the trial court is affirmed and appellate counsel's motion to withdraw is overruled.
{¶ 5} Although we conclude that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Thornton because he is indigent.
{¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Gorman, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] We note that in Smith v. Robbins (2000), 528 U.S. 259,120 S.Ct. 746, the United States Supreme Court held that the Anders procedure is only one method that states may use to satisfy the constitutional requirements for indigent criminal appeals. As of this writing, theAnders procedure is still followed in Ohio. See State v. Lachner (Feb. 25, 2000), 6th Dist. No. S-98-049.
[3] See Anders, supra at 744.
[4] See Anders, supra; Freels v. Hills (C.A.6, 1988), 843 F.2d 958.